IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| CESAR GALVAN<br>    PLAINTIFF,<br><br>VS.<br><br><br><br>BLUE BEAR TRUKIN, INC.<br>AND KENNETH LEON BLUE<br><br>    DEFENDANTS. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO.<br>9:20-CV-00127<br><br>JURY |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, CESAR GALVAN, Plaintiff, by and through undersigned counsel and petitions this Court pursuant to 28 U.S.C. § 1332(a)(1) complaining of BLUE BEAR TRUKIN, INC. and KENNETH LEON BLUE, Defendants, and for cause of action would respectfully show the following:

### I.
### PARTIES

1. Plaintiff, CESAR GALVAN, an individual and citizen of the State of Texas, resides at 138 W. Othello, Jasper, Jasper County, TX 75951.

2. Defendant, BLUE BEAR TRUKIN, INC., is a corporation that is incorporated under the laws of the State of Georgia. Defendant has its principal place of business in the State of Georgia at 330 Greenacres Drive, Kingsland, GA 31548-5320. Defendant does not have a registered agent for service of process in the State of Texas.

    A.    Service of process on Defendant may be made according to the laws of the State of Texas. Defendant, BLUE BEAR TRUKIN, INC., a foreign corporation organized and existing under the laws of the State of Georgia, whose principal office is located at 330 Greenacres Drive, Kingsland, GA 31548-5320, may be served with process in accordance with Tex. Civ. Prac. & Rem. Code § 17.044(a)(1) & (b) by serving the Texas Secretary of State at 1019 Brazos Street, Austin, Texas 78701, as its agent for service because Defendant engages in business in Texas but has not designated or maintained a resident agent for service of process in Texas.

    B.    Defendant's resident agent is Kenneth L. Blue and may be served at 330 Greenacres Drive, Kingsland, GA 31548-5320.

3.    Defendant, KENNETH LEON BLUE, an individual and citizen of the State of Georgia, who resides at 330 Greenacres Drive, Kingsland, GA 31548-5320, may be served with process in accordance with Tex. Civ. Prac. & Rem. Code §§ 17.062(a), 17.063 by serving the Chairman of the Texas Transportation Commission at 125 E. 11th Street, Austin, Texas 78701-2483 as Defendant's agent for service because Defendant was a party to a collision or accident while operating a motor vehicle in Texas.

## II.
## JURISDICTION

4. The Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because Plaintiff and Defendants are citizens of different U.S. states, and the amount in controversy exceeds $75,000, excluding interest and costs.

## III.
## VENUE

5. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events – specifically the motor vehicle collision upon which this suit is based, occurred in this District.

## IV.
## FACTUAL BACKGROUND

6. The incident in question occurred on or about, March 05, 2019, at approximately 1:40 PM, in Polk County, Texas. Plaintiff was operating a 2005 Nissan *Sentra*, traveling southbound in the inside lane of U.S. Highway 287.

7. Defendant, KENNETH LEON BLUE, operating a 2004 Volvo tractor and towing a 2001 Reitnouer trailer while in the course and scope of his employment with BLUE BEAR TRUKIN, INC., was also traveling southbound on U.S. Highway 287, but in the outside lane. Defendant KENNETH LEON BLUE suddenly and without warning applied his brakes hard enough to slide his tires and then attempted to make an unsafe left hand U-turn across all lanes of U.S. Highway 287, turning directly in front and blocking the path of Plaintiff's vehicle. In an attempt to avoid a collision,

Plaintiff took evasive action to the right and applied his brakes, but was unable to avoid colliding with the driver's side rear quarter of Defendants' towed trailer.

8. Due to the severity of the collision, CESAR GALVAN suffered severe injuries, as evidenced by his medical records, extended inability to work, ongoing pain, and impairment.

9. As a result of the aforementioned collision caused by Defendants' negligence, Plaintiff sustained personal injuries and damages which were proximately caused by the acts, or omissions of Defendants as described herein.

## V.
## CAUSES OF ACTION

### A. NEGLIGENCE OF KENNETH LEON BLUE

10. Plaintiff incorporates all previous paragraphs by reference as if fully set forth herein.

11. The occurrence made the basis of this suit and the resulting injuries and damages were proximately caused by the negligence, *negligence per se* and/or gross negligence of Defendant, KENNETH LEON BLUE, for a variety of acts and/or omissions, including but not limited to one or more of the following:

   a. Failing to yield the right of way to oncoming traffic in that Defendant attempted to make a left hand U-turn directly into the path of oncoming traffic;

   b. Failing to maintain a proper lookout immediately prior to attempting the unsafe left hand U-turn in front of oncoming traffic;

   c. Failing to apply his brakes in a safe and timely manner rather than making a last minute emergency braking procedure sliding his tires in order to attempt a U-turn; and

      d. Failing to drive within a single lane and to not move from the lane when it was unsafe to do so.

12. Each and all of the above acts and/or omissions constituted negligence and each and all were a proximate cause of the damages suffered by Plaintiff, which forms the basis of this suit.

## B. VICARIOUS LIABILITY

13. Plaintiff incorporates all previous paragraphs by reference as if fully set forth herein.

14. Defendant BLUE BEAR TRUKIN, INC. is vicariously liable for the acts of its actual agents in fact, apparent agents, ostensible agents, agents by acts of estoppel and/or omissions.

15. At all times material hereto, Defendant KENNENTH LEON BLUE, as a driver for BLUE BEAR TRUKIN, INC., was acting as an agent, representative, or employee, or apparent or ostensible agent of Defendant BLUE BEAR TRUKIN, INC.

16. As such, Defendant BLUE BEAR TRUKIN, INC. is responsible for the actions of Defendant KENNETH LEON BLUE under the doctrines of *Respondeat Superior*, statutory employer, apparent or ostensible agency, agency by estoppel and violation of non-delegable duties.

## C. PROXIMATE CAUSE

17. Plaintiff incorporates all previous paragraphs by reference as if fully set forth herein.

18. Each and every, all and singular of the foregoing acts and omissions, on the part of Defendants, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

## VI.
## DAMAGES

19. Plaintiff incorporates all previous paragraphs by reference as if fully set forth herein.

20. Defendants' breach of duty proximately caused injury to Plaintiff, which resulted in the following damages, for which Plaintiff should be compensated in accordance with the laws of the State of Texas.

21. Upon trial of this case, it will be shown that Plaintiff sustained injuries and damages as a proximate result of the Defendants' negligence; and Plaintiff will respectfully request the Court and Jury to determine the amount of the loss Plaintiff has incurred in the past and will incur in the future not only from a financial standpoint, but also in terms of good health and freedom from pain and worry. Those elements of damages to be considered separately and individually for the purposes of determining the sum of money that will fairly and reasonably compensate Plaintiff for each element include:

    a. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, CESAR GALVAN, for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in such area;

    b. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

    c. Physical pain and suffering in the past and future;

d. Physical / Mental impairment in the past and future;

e. Mental anguish in the past and future;

f. Lost Earning Capacity in the past and future;

g. Loss of use of Plaintiff's vehicle; and

h. Property Damage, towing and storage of Plaintiff's vehicle.

## VII.
## CONCLUSION AND PRAYER

22. For these reasons, Plaintiff CAESAR GALVAN ask for judgment against Defendant BLUE BEAR TRUKIN, INC. and against Defendant KENNETH LEON BLUE for the following:

    A. All damages suffered by Plaintiff;

    B. Prejudgment and post judgment interest;

    C. Cost of suit; and

    D. All other relief the Court deems appropriate.

Respectfully submitted,

**MIKE LOVE & ASSOCIATES, L.L.C.**

By: /s/ Mike Love
Mike Love
State Bar No. 24004778
mikelove@texaslawoffice.com
Sam Johnson
State Bar No. 24047672
sam.johnson@texaslawoffice.com
Dakoda Fandry
State Bar No. 24105848
dfandry@texaslawoffice.com
202 E. Lufkin Ave.
Lufkin, Texas 75901
Tel. 936.632.2000
Fax. 936.632.2005